438 P.2d 536

Eugene WILLIAMS, Plaintiff
and Appellant,

v.

Lon ROTHEY et al., Defendants
and Respondents.

No. 10846.

Supreme Court of Utah.

March 8, 1968.

C. C. Patterson, of Patterson, Foley, Phillips & Gridley, Ogden, for appellant.

Ray R. Christensen, of Christensen & Jensen, Salt Lake City, for respondents.

CALLISTER, Justice:

Plaintiff brought suit for damages sustained when he fell through a trap door on premises of defendants. The jury returned a no cause of action verdict, and plaintiff appeals from the judgment entered thereon. He contends that the trial court erred in denying his motion to amend his complaint to include an allegation of willful and wanton misconduct upon the part of defendants and its refusal to include such an allegation to the jury.

Defendants operated a restaurant in Ogden, Utah. The building in which they

conducted their business is located on the west side of Washington Boulevard, which runs north and south. The building is divided into three sections. The restaurant proper is in the front (east), the kitchen in the middle and, in the rear (west), two dining rooms. For patrons there was an entrance into the restaurant on the front and one into the dining rooms on the south side. Inside the building there was a corridor, running east and west, used by employees to go back and forth from the kitchen to the dining rooms. The trap door involved was located in this corridor and led to a storage room.

Early in the evening of the day of the accident, plaintiff had delivered a keg of beer to one of the dining rooms for the use and consumption of a private party. Later on, he returned to check whether the gas pressure was sufficient to maintain the flow of beer. He testified that, when he returned, he endeavored to reach the dining room by means of the south entrance but could not gain access because of a congestion in the entrance to the room. He, thereupon, digressed through the kitchen, reached the corridor, turned left and entered the dining room area. He checked the keg of beer, had a sample therefrom, and proceeded to leave over the same route he had utilized in entering. Enroute, he fell through the open trap door, down the stairs, into the basement storage area.

With respect to the corridor, there was evidence that it was illuminated by the kitchen and dining room lights and also by an overhead fluorescent light near the opening to the kitchen. Underneath this light is a stairwell leading to a storage room. Access to the storage room is gained by opening a trap door and descending a stairway. When the trap door was opened, colored lights at both ends of the corridor would start blinking. Over the entrance from the dining room to the corridor was a sign which read "Employees Only." It was also the custom and practice of the employees and defendants, whenever opening the trap door, to place a large piece of plywood board in a vertical position on the west side of the stairwell.

When plaintiff passed through the kitchen on his way to the dining room, via the corridor, he was warned by an employee that there was a possibility that the trap door might be open when he returned. Upon leaving the dining room, plaintiff encountered a plywood door obstructing the corridor. He picked it up, turned around, and fell into the stairwell. After his fall, plaintiff remarked that he felt foolish for having fallen through the open trap door after having been warned of the same.

In his complaint, plaintiff alleged several grounds which would constitute negligence upon the part of defendants in the operation of the restaurant, but did not include therein an allegation of willful and wanton misconduct, nor was such a ground for recovery included within the pretrial order. However, after plaintiff had presented his evidence at the trial, he made a motion for leave to amend the complaint to include the allegation of willful and wanton misconduct. The motion was denied. The same motion was made at the close of defendants' case and was, again, denied. The trial court's reasons for the denials, and refusal to submit the issue to the jury, were that they were untimely made and there was not sufficient evidence relating to willful and wanton misconduct to warrant submission of the issue to the jury.

We need not concern ourselves with plaintiff's contention that his motions to amend were timely made because, whether they were or not, the trial court properly refused to submit the issue to the jury for the reason that the evidence did not justify it.

Affirmed. Costs to respondents.

CROCKETT, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.